IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 1:19-cv-00031-GNS-CHL

ROY ANDERSON CARVER, JR                                                                   Plaintiff,

V.

HOUCHENS FOOD GROUP, INC, et al                                                      Defendant.
CHARLES BLACK

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Amend the Complaint (DN 40) filed by Plaintiff Roy Anderson Carver, Jr ("Carver") on January 15th, 2020.  Defendants Houchens Food Group, Inc and Charles Black (collectively referred to as "Houchens") filed a response on February 5th, 2020. (DN 43)[1].  Therefore, the Motion to Amend the Complaint is ripe for review.

For reasons set forth below, the Court **DENIES** Carver's Motion to Amend. (DN 40)

### I.      LEGAL STANDARD

The Court's consideration of the Motion to Amend is governed by Rule 15 of the Federal Rules of Civil Procedure.  The period in which Carver could have amended a pleading as a matter of course has elapsed. *See* Fed. R. Civ. P. 15(a)(1)(A), (B).  Thus, this case is within the province of Rule 15(a)(2), which provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Houchens does not consent to Carver amending his complaint.  Therefore, Carver may only amend his complaint with the Court's permission.

---

[1] The Kentucky Cabinet for Unemployment Insurance ("KCUI") was originally named as a Defendant in DN 1. However, KCUI's motion to dismiss for lack of jurisdiction was granted in DNs 18-20. Accordingly, the claims against KCUI were stricken from the docket. (DN 20.) Plaintiff filed an appeal of this final order (DN 25), but KCUI is not a current party to the lawsuit.

"The court should freely give leave to amend when justice so requires." *Id.* "Ordinarily, in the absence of undue delay, bad faith, or dilatory motive on the part of the plaintiff, leave to amend is liberally granted to afford the plaintiff an opportunity to test his or her claims on the merits." *Gilbert v. Norton Healthcare, Inc.*, No. 3:10-CV-380-S, 2011 U.S. Dist. LEXIS 153136, at *2 (W.D. Ky. Dec. 20, 2011) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The Sixth Circuit has ruled that Rule 15(a)(2) sets forth a "liberal policy of permitting amendments to insure the determination of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).

Nevertheless, leave to amend is not guaranteed. An application to amend remains addressed to the sound discretion of the Court. *Switzer Bros. Inc. v. Byrne*, 242 F.2d 909, 914 (6th Cir. 1957). Leave to amend may be denied, despite the liberal policy of the Rule, in those cases in which the proposed amendment would be subject to immediate dismissal and therefore futile. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). [2]

When a district court denies a motion to amend because it concludes that the amendment would be futile, the basis for its denial of the motion is a purely legal conclusion that the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

---

[2] The Sixth Circuit has not directly spoken as to whether a magistrate judge has authority to deny a motion for leave to amend on the basis of futility. *See, e.g., Gibbs v. Norfolk Southern Ry.*, No. 3:14-cv-587-DJH, 2015 WL 4273208, at *2 (W.D. Ky. July 14, 2015). There is likewise a split of opinion among the district courts within the Sixth Circuit on this issue. *Compare Hira v. New York Life Ins. Co.*, No. 2014 WL 2177799 2014 WL 2177799, at *1 (E.D. Tenn. May 23, 2014) ("Magistrates do decide motions to amend involving the issue of futility, and the decision is considered nondispositive."), with, *Durthaler v. Accounts Receivable Management, Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, i.e. that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.").

2

grounds of his entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (internal quotation marks omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a *pro se* complaint must be held to a less stringent standard than that prepared by an attorney, Courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[M]ore than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements." *Haines*, 404 U.S. at 520. A complaint must contain either direct or inferential allegations as to all material elements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

**II.     DISCUSSION**

Carver filed his *pro se* complaint in this matter on March 18, 2019, using a form complaint for Employment Discrimination. (DN 1). Along with this handwritten form complaint, Carver also filed a seven-page typewritten complaint for employment discrimination, which included multiple exhibits (collectively, the "original complaint"). (DN 1-1). Carver's original complaint asserts several causes of action relating to employment discrimination arising out of his alleged termination from his employment with Houchens Food Group, Inc., and his subsequent denial of unemployment benefits from the Division for Unemployment Insurance. The original complaint seeks compensatory damages, punitive damages, and injunctive relief. (DN 1).

Houchens and Defendant Kentucky Workforce and Development Cabinet (hereinafter "KUIC") waived service of summons in this case. In response to the answer filed by Houchens and KUIC's waiver of service of summons, Carver filed a motion seeking leave to file a reply in the form of "supplemental memorandums." (DN 10). Accompanying this motion, Carver tendered a twenty-six page "Memorandum of Law in Support." On August 6, 2019, this Court denied Carver's leave to file a reply. (DN 12).

Carver now moves for this Court for leave to "Amend the Pleadings for Recovery of Damages." (DN 40). On December 17, 2019, this Court issued its scheduling order in the above styled case and the deadline for Carver to file any motion to join additional parties and amend the pleadings was January 15, 2020. (DN 38). The instant motion was filed on January 15, 2020. In support of this motion, Carver argues that amending the pleadings is necessary because the twenty-five-page memorandum tendered with his motion could not fit on the complaint form. (DN 40 PageID # 279-80). Carver also argues his memorandum is necessary "to argue for award of compensatory, punitive, and injunctive relief." (*Id.* at PageID # 280).

In his Memorandum of Law in Support of Plaintiff's Motion to Amend the Pleadings for Recovery of Damages, Carver asks for compensatory damages, punitive damages, temporary injunctive relief, and permanent injunctive relief, but does not acknowledge that these were previously included in his original complaint. (DN 40-1, PageID # 290-306). The only new claim asserted by Carver is a claim under 42 U.S.C. § 1983. (DN 40-1, at PageID # 289.)

Houchens's argues that amending the pleadings is futile as the motion to amend and its supplemental memorandum contain no allegations of fact against Houchens and, thus, fail to state a claim upon which relief may be granted. (DN 43, PageID # 321-322). Furthermore, Houchens argues that to the extent Carver's proposed amendments seek to assert § 1983 claims,

4

such arguments should be dismissed since the claim cannot be asserted against a private party. (*Id.* at PageID# 323).

### A. 42 U.S.C. § 1983 Claim

To successfully state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff must establish both that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, the entire claim must fail. *See Simescu,* 942 F.2d at 375.

The United States Supreme Court has held that acting under color of state law requires that the defendant in a § 1983 action has exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

To pursue then a § 1983 claim against Houchens, Carver must establish that Houchens operated under the color of law. There are limited circumstances in which a private party can be sued under § 1983, but none appear applicable to Carver's allegations. For instance, "[a] private party's actions constitute state action ... where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947(1982)). The Sixth Circuit has specifically recognized three tests to determine whether a private party may be considered to be a state actor: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Chapman*, 219 F.3d at 833.

Under the public function test, "a private party is deemed to be a state actor if he or she exercised powers traditionally reserved exclusively to the state." *Id.* This test has been narrowly interpreted and has only been found for such functions as holding elections, exercising eminent domain, and operating a company-owned town. *Id.* Thus, Carver's allegations—which in light of the dismissal of this case as to the Commonwealth of Kentucky and its agency now relate solely to his claims against a Kentucky corporation--do not meet the public function test.

The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citations omitted). "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Id.* The plaintiff must "allege and prove that state officials coerced or participated" in the private party's decision-making. *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007). There are no allegations that a state official coerced Houchens in this matter or participated in this matter. Thus, Carver's allegations do not meet the state compulsion test.

Finally, under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007). In order to meet this burden, an aggrieved plaintiff must "demonstrate that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Wolotsky*, 960 F.2d at 1335. "Merely because a business is subject to state regulation does not by itself convert its action into state action." *Id.* Carver fails to set forth any

6

factual allegations satisfactory to conclude that a sufficiently close nexus existed between the state and Houchens. Thus, Carver's allegations do not meet the nexus test.

Carver merely alleges that Houchens showed a "wanton reckless and indifference to federal rights of eligible workers." (DN 40, PageID # 298). However, Carver fails to articulate a single factual allegation specifically against Houchen to support a § 1983 claim. (*Id.*) Since Carver fails to allege any facts sufficient to satisfy any of the above enumerated tests, the "color of law" prong of the claim fails. Failure to satisfy either prong of the test is fatal to the claim, therefore Carver's claim would be futile. *See Simescu*, 942 F.2d at 374.

### B. Remaining Claims for Damages

Lastly, the Court addresses Carver's remaining arguments regarding various types of relief he seeks to add to the complaint in his motion to amend. Carver seeks to add the following types of relief: compensatory damages, punitive damages, temporary injunctive relief, permanent injunctive relief, make-whole remedies, and equitable relief. (DN 40-1, PageID # 209-306). However, Carver neither provides the Court with any factual allegations to support the addition of these damages nor does he explain how these requests for relief differ from those previously asserted in Carver's original complaint. (DN 1-1).

As an initial matter, the Court finds that an amendment to assert these types of relief would be redundant since they are provided for in the original complaint. (DN 1-1, at PageID # 14-15.) Further, while Carver's complaint references various statutes and causes of action, he has wholly failed to allege any facts or theories supporting such claims. (DN 40-1, PageID # 283-306). Carver submits only generalized case law regarding the above enumerated claims, which is wholly insufficient to state a valid claim under any legal theory. (*Id.*)

The Court finds that the motion to amend fails to provide sufficient factual allegations to state a claim that is plausible on its face. Accordingly, Carver puts forth no allegations sufficient to withstand a motion to dismiss and the Court finds that any amendment would be futile.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that

(1) Carver's Motion to Amend (DN 40) is **DENIED**.

April 24, 2020

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record, *pro se* Plaintiff